Isiah **MORRIS,** Plaintiff–Appellant,

v.

Otis R. **BOWEN,** M.D., Secretary of Health and Human Services, Defendant–Appellee.

No. 88–4337
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 25, 1988.

---

James Spruel, Jr., Alcide J. Gray, Gray, Spruel & Burks, Lake Charles, La., for plaintiff-appellant.

Marguerite Lokey, John Gough, Chief Counsel, Office of Regional Counsel, Health & Human Services, Dallas, Tex. for defendant-appellee.

Before GEE, WILLIAMS, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Appellant Isiah Morris has sought disability insurance benefits and supplemental security income under the Social Security Act, 42 U.S.C.A. §§ 423 and 1381a. On January 20, 1987, an Administrative Law Judge determined that Morris was not entitled to benefits under the Act. Morris has appealed the ALJ's determination to the Social Security Administration's Appeals Counsel, and then to the United States District Court for the Western District of Louisiana. Both appeals were unsuccessful. Morris now takes a further appeal to this court, and raises three objections to the ALJ's ruling. First, Morris argues that the Secretary of Health and Human Services failed to prove that there were jobs available to Morris despite his disability. Second, Morris claims that the ALJ did not comply with an order issued by the Appeals Council earlier in this case. Third, Morris contends that the ALJ propounded and relied upon an improper hypothetical. Because we find that there was substantial evidence to support the ALJ's findings, and because we do not find any procedural error prejudicial to Morris's substantive rights, we affirm.

I

In April 1985, Isiah Morris sought social security benefits, complaining that high blood pressure and liver problems rendered him unable to work. Both the State Agency and the Social Security Administration denied Morris's claim for benefits. At his

request, an ALJ conducted a *de novo* hearing upon Morris's benefits claim. In March 1986, the ALJ denied the claim. Morris appealed to the Appeals Council.

The Appeals Council remanded to the ALJ for additional proceedings. In its remand order, the Appeals Council concluded that Morris was unable to perform jobs he had held in the past. The Appeals Council stated that the medical evidence established "that the claimant is, due to an organic brain disorder, unable to operate motor vehicles or other machinery, as doing so would represent a danger to himself and/or others." The Appeals Council also stated that "the claimant is unable to work at unprotected heights, and that, due to his limited intelligence, is unable to perform any kind of work that entails other than simple, one or two step work processes." The Appeals Council directed that the ALJ secure the testimony of a vocational expert when reconsidering Morris's claim.

A hearing before an ALJ was again held. Glenn Hebert, a vocational expert, testified at the hearing. On the basis of Hebert's testimony and other evidence, the ALJ again determined that Morris's disability did not entitle him to benefits. The Appeals Council this time denied Morris's appeal, and the district court affirmed the Secretary's disposition of Morris's request.

## II

■ "The duty of an appellate court when reviewing an agency decision regarding disability benefits and supplemental security income benefits is not to reweigh the evidence, but merely to determine if there is substantial evidence in the record to support the agency's decision." *Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir.1980); 42 U.S.C.A. §§ 405(g), 1383(c)(3). Moreover, "[p]rocedural perfection in administrative proceedings is not required. This court will not vacate a judgment unless the substantial rights of a party have been affected." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir.1988). The procedural improprieties alleged by Morris will therefore constitute a basis for remand only if such improprieties would cast into doubt the existence of substantial evidence to support the ALJ's decision.

■ The Secretary evaluates disability claims through a five step process:

(1) Is the claimant currently working?
(2) Can the impairment be classified as severe?
(3) Does the impairment meet the duration requirement and meet or equal a listed impairment in Appendix 1 of Subpart P of Regulation No. 4?
(4) Can the claimant perform past relevant work?
(5) Can claimant perform other work, taking into consideration age, education, past work experience and esidual functional capacity?

20 C.F.R. 404.1520. *Mays*, 837 F.2d at 1364. In this case the ALJ reached the fifth step in the process. In order to determine whether Morris could do work other than what he had performed in the past, the ALJ propounded a hypothetical to Hebert, the vocational expert. The ALJ asked what employment would be available to someone having the disabilities which the ALJ found Morris to have. Hebert replied with a list of jobs. Morris's representative then mentioned to the vocational expert additional disabilities, although those disabilities were not recognized in the ALJ's findings. Hebert narrowed his list of available jobs in order to accommodate the additional limitations. The resulting list included the following jobs: crawfish cleaning, oyster shucking, car washing, cleaning yards, and cutting grass.

Morris on appeal contends that the ALJ failed to make adequate findings as to the incidence of the listed jobs in the national economy, and that there is not substantial evidence in the record to show that Morris could perform the listed jobs. We find that there exists substantial evidence in the record supporting the ALJ's determination. The ALJ relied upon medical testimony, Morris's own testimony, and the vocational expert's testimony in order to determine the nature of Morris's disability and the availability of jobs to someone with such a disability. The Secretary can meet its burden to show the existence of employment for the applicant by pointing to "testimony

at the hearing that there are a number of jobs suited to the Appellant's capabilities which were available to him in his geographical locale." *Fortenberry,* 612 F.2d at 950.

Morris complains that the hypothetical propounded to Hebert by the ALJ was too abstract to reflect Morris's particular disabilities. Yet we agree with the district court that the hypothetical reasonably incorporated the disabilities recognized by the ALJ, and that Morris's representatives had an opportunity to correct any defect in the hypothetical by mentioning additional limitations to the vocational expert. Morris's representatives did so, and the resulting list, including the added limitations, provides substantial support for the ALJ's determination.

■ Finally, Morris claims that because the vocational expert's list included jobs that require the use of machines, the hearing was inconsistent with the Appeals Council's remand order. We need not now determine whether the machines needed for "yard care" and "grass cutting" come within the category of "motor vehicles and machinery" described by the Appeals Council. Even if the vocational expert's answer to the hypotheticals included jobs inconsistent with the conclusions of the Appeals Council, the answer, which included jobs such as crawfish peeling and assembly line work that were consistent with the remand order, nonetheless provided the ALJ with evidence substantial enough to support a determination that employment was available to Morris. The ALJ could rely on portions of the expert's answer without endorsing all of the expert's conclusions. The ALJ's failure to expressly restrict his use of the expert's testimony may at most reflect a minor procedural impropriety. We do not now reach that question, because, even if such an impropriety exists, it does not render the ALJ's determination unsupported by substantial evidence, and thus does not prejudice Morris's substantive rights.

Therefore we AFFIRM.