IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41350
Summary Calendar

_____

DAVID V. DOMINGUEZ,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-00-CV-103
--------------------
October 31, 2002

Before REAVLEY, BARKSDALE and CLEMENT, Circuit Judges.

PER CURIAM:*

David V. Dominguez appeals the district court's judgment
affirming the Commissioner of Social Security's denial of
Supplemental Security Income benefits.  We find that the decision
was supported by substantial evidence and the proper legal
standards were used in evaluating the evidence.  See Bowling v.
Shalala, 36 F.3d 431, 434 (5th Cir. 1994); Ripley v. Chater,
67 F.3d 552, 555-56 (5th Cir. 1995).

_____

   * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Dominguez argues that the administrative law judge (ALJ) erred by concluding that he did not demonstrate that he met the criteria for a listed mental impairment.  Dominguez cited the psychiatric evaluation by Dr. John N. Enriquez to support his assertion.  Contrary to Dominguez's assertion, Dr. Enriquez's report supports the ALJ's conclusion.

Dominguez argues that the testimony of a vocational expert (VE) is invalid because he had been given an incomplete hypothetical question regarding Dominguez's limitations.  The ALJ noted correctly Dominguez's age, education, vision limitations, and mental limitations.  The ALJ did not note any physical limitations because he rejected Dominguez's complaints as incredible.  Dominguez has not cited to any evidence to challenge this conclusion.  Accordingly, the hypothetical question presented by the ALJ to the vocational expert reasonably incorporated all of Dominguez's disabilities supported by evidence in the record and recognized by the ALJ.  See Morris v. Bowen, 864 F.2d 333, 336 (5th Cir. 1988).

Dominguez asserts that the ALJ erred in failing to credit unspecified evidence and in failing to seek evidence from a medical expert.  These assertions are not supported by any argument citing to evidence in the record.  These issues have been abandoned.  FED. R. APP. P. 28 (a)(9); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

AFFIRMED.