United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 12, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 02-51126
Summary Calendar

———————————

MARIA GOMEZ,

                                          Plaintiff-Appellant,

            versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

                                          Defendant-Appellee.

———————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-01-CV-880

———————————

Before GARWOOD, WIENER and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    Maria Gomez appeals from the affirmance of the decision of the

Commissioner of Social Security denying her application for

disability and supplemental security income (SSI) benefits.  Gomez

contends that the Administrative Law Judge (ALJ) erred by relying

on the biased opinions of doctors employed by insurers for workers

compensation purposes; that the ALJ erred by not crediting medical

_____

    [*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Expert Dr. Ernest Gregory's opinion regarding Gomez's need to elevate her leg; that the ALJ failed to make clear what evidence was credited, or discredited, and why; that the ALJ misstated the medical record and substituted his lay opinion for medical opinion; that the ALJ erred in his assessment of Gomez's residual functional capacity; and that the ALJ posed a defective hypothetical question to Vocational Expert Patricia Collins.

Any inherent biases in physicians' opinions are a matter for the Commissioner to determine when deciding what weight and credibility to give to the evidence. This court will not disturb such determinations. *See Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992). Moreover, Gomez has not shown how any alleged inherent biases in Texas's workers' compensation laws influenced the physicians in her case.

Regarding Dr. Gregory's testimony, Gomez seeks to have this court undermine the Commissioner's determinations regarding the weight and credibility of the evidence, something this court will not do. *See Anthony*, 954 F.2d at 295. Moreover, the ALJ noted that no other physician had indicated an ankle-lifting limitation, and observed that Gomez had sat at her hearing for fifty-five minutes seemingly without difficulty. The ALJ thus had some basis for rejecting Dr. Gregory's testimony. *Cf. Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003) (ALJ impermissibly drew medical conclusions but any error was harmless).

2

Gomez's contention that the ALJ did not make clear what medical evidence was credited, and what evidence was not, is without merit.  The ALJ's decision contains detailed analysis based on the administrative record, allowing this court to review the decision.

The MRI report that Gomez alleged the ALJ misread expressly stated that a chronic ankle injury "appears to be a *predominantly healed* commuted fracture" (emphasis added).  Gomez is correct that the MRI showed that the injury was not *entirely* healed due to the lack of solid osseous bridging.  However, the ALJ did not misinterpret the MRI by emphasizing that the MRI suggested that Gomez's ankle injury had improved.  Indeed, it had "predominantly healed."  The ALJ thus did not impermissibly engage in "playing doctor[,]" *Frank*, at 622, by making his own independent medical assessment about Gomez's condition.

The ALJ explained his credibility determination regarding Gomez's subjective symptoms adequately.  *Falco v. Shalala*, 27 F.3d 160, 163-64 (5th Cir. 1994).  Moreover, Gomez's testimony at her administrative hearing that Naproxen eased her pain and that she had sought treatment infrequently provided substantial evidence supporting the ALJ's credibility finding.  *Richardson v. Perales*, 402 U.S. 389, 390 (1971).

The October 1999 residual functional capacity assessment and the report of the March 1999 functional testing both indicated that

3

Gomez had physical capabilities beyond those found by the ALJ. The ALJ's findings regarding Gomez's residual functional capacity thus were supported by substantial evidence. *Id.*

A hypothetical question is adequate if it "reasonably incorporate[s] the disabilities recognized by the ALJ[.]" *Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988). Gomez does not contend that the ALJ did not incorporate the disabilities he recognized into the hypothetical. Rather, she contends that he neglected to incorporate factors that he should have incorporated. This is unavailing because the evidence did not require the ALJ to find any further disabilities beyond those he incorporated into the hypothetical.

The only past relevant work Collins indicated Gomez could perform under the limitations found by the ALJ was as a sewing machine operator. Gomez's work history indicated that she had worked as a seamstress from 1974 to 1985, and again from 1987 to 1991, within fifteen years before the hearing. Because that was the only job identified by Collins as past relevant work to which Gomez could return, Gomez's contention regarding a fifteen-year limitation is unavailing.

Gomez's contention that there was no discussion regarding the specific limitations of her past relevant work is premised on Dr. Gregory's testimony that she needed to occasionally lift her foot off of the ground. However, the ALJ discredited Dr. Gregory's

4

testimony.  Collins therefore need not have taken that limitation into account.  *See Morris*, 864 F.2d at 336.  Moreover, Dr. Gregory testified that while seated any necessary elevation could be accomplished by putting "a box or something under her feet" and Collins testified "that's not a problem" vocationally with respect to the seated jobs considered.  Because Collins ruled out other past relevant work under the limitations ultimately found by the ALJ, none of the requirements of those jobs needed to be addressed by Collins.

AFFIRMED.