United States Court of Appeals
Fifth Circuit

**F I L E D**

June 18, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-30995
Summary Calendar

BRANDON WISE,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:02-CV-1267

Before JONES, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Brandon Wise appeals the judgment affirming the decision by the Commissioner of Social Security to deny his application for supplemental security income. Our review is limited to determining whether the Commissioner applied the proper legal standards and whether the decision is supported by substantial evidence on the record as a whole. See Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994). We may not reweigh the evidence or try the issues de

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

novo.  See Johnson v. Bowen, 864 F.2d 340, 343 (5th Cir. 1988). The record shows that the administrative law judge applied the proper legal standards and that the Commissioner's decision is supported by substantial evidence.  Bowling, 36 F.3d at 434.

We reject Wise's challenge to the hypothetical posed to the vocational expert.  The hypothetical question that an administrative law judge poses to a vocational expert need only incorporate the disabilities that the administrative law judge recognizes.  Id. at 435; Morris v. Bowen, 864 F.2d 333, 336 (5th Cir. 1988).  Under Bowling, if the administrative law judge's hypothetical omits a recognized limitation "and the claimant or his representative is afforded the opportunity to correct deficiencies in the administrative law judge's question by mentioning or suggesting to the vocational expert any purported defects in the hypothetical questions (including additional disabilities not recognized by the administrative law judge's findings and disabilities recognized but omitted from the question)," there is no reversible error.  Bowling, 36 F.3d at 436.

Wise does not dispute that his representative was allowed to cross-examine the vocational expert regarding the administrative law judge's hypothetical.  Thus, even assuming, arquendo, that the administrative law judge's hypothetical was deficient in the respects urged on appeal, because Wise's representative was afforded an opportunity to correct any perceived deficiencies, there is no reversible error.  See id.

Contrary to Wise's argument, Social Security Ruling (SSR) 83-12 does not contradict the vocational expert's testimony that sedentary and light work does not necessarily entail bilateral manual dexterity. See SSR 83-12. Wise's argument that SSR 83-12 undercuts the vocational expert's testimony that he could perform sedentary work is also without merit. SSR 83-12 does not state that a person who does not exhibit bilateral manual dexterity is unable to perform sedentary work. Id.

To the extent that Wise argues that his case should be remanded in accord with Watson v. Barnhart, 288 F.3d 212 (5th Cir. 2002), for a finding whether he can maintain employment, Wise did not assert that his condition only periodically precluded him from working and did not offer medical evidence that his condition would intermittently prevent him from maintaining employment or functioning in the employment context. Accordingly, it is not necessary to remand the case for the administrative law judge to make such a determination. See Frank v. Barnhart, 326 F.3d 618, 619-20 (5th Cir. 2003). Given the foregoing, the judgment of the district court is affirmed.

**AFFIRMED.**