United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 30, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 03-20967
Summary Calendar

---

GLENN BARBER,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-2239
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Glenn Barber filed a pro se complaint in the district court asserting that his rights to due process and equal protection were violated by the Social Security Administration during administrative proceedings, which resulted in the denial of his application for social security disability insurance benefits. Barber has appealed the magistrate judge's summary judgment in favor of the Commissioner.

Barber asserts that he has asserted civil-rights claims only. "[N]either Bivens [v. Six Unknown Named Agents of Fed.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bureau of Narcotics, 403 U.S. 388 (1971)], nor the civil rights statutes provide a valid jurisdictional predicate for this action." Affiliated Prof'l Home Health Care Agency v. Shalala, 164 F.3d 282, 286 (5th Cir. 1999). Barber may obtain judicial review of his constitutional claims under 42 U.S.C. § 405(g). See Califano v. Sanders, 430 U.S. 99, 109 (1977) (discussing § 205(g) of the Social Security Act, codified as amended at 42 U.S.C. § 405(g)).

Barber contends that his right to due process was violated because the initial agency determination that he was not disabled was made on the basis of an incomplete record. Because Barber does not challenge the magistrate judge's finding that the Commissioner's decision was supported by substantial evidence, he cannot show that his substantial rights were affected. See Morris v. Bowen, 864 F.2d 333, 335 (5th Cir. 1988); see also Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993) (notwithstanding liberal construction of pro se briefs, arguments must be briefed to be preserved).

Barber contends that his right to equal protection was violated because Social Security disability insurance claims in Texas receive disparate treatment in response to local opposition to the disbursement of government benefits. Because Barber does not challenge the magistrate judge's finding that the Commissioner's decision was supported by substantial evidence, he cannot show that he "received treatment different from that

received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." Taylor v. Johnson, 257 F.3d 470, 473 (5th Cir. 2001).

Because this appeal is without arguable merit, it is DISMISSED AS FRIVOLOUS. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. We caution Barber that the filing of frivolous appeals will invite the imposition of a sanction.

APPEAL DISMISSED; SANCTION WARNING ISSUED.