**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 24, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30471
Summary Calendar
_____

SHIRLEY PHILLIPS, on behalf of Allen Phillips,

                                        Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:02-CV-1529
--------------------

Before JOLLY, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    Shirley Phillips, on behalf of her minor child Allen
Phillips ("Allen"), appeals the district court's affirmance of
the Commissioner's decision to terminate Allen's supplemental
security income benefits.  In reviewing the Commissioner's
decision, we must determine whether there is substantial evidence
in the record to support the decision and whether the proper
legal standards were used in evaluating the evidence.  Ripley v.
Chater, 67 F.3d 552, 555 (5th Cir. 1995).

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Phillips argues that the administrative law judge's ("ALJ") determination that Allen suffered from borderline intellectual functioning and not mild mental retardation was based upon an error of law and an ambiguous evaluation of Allen by Mark Fruge, Ph.D. She contends that the ALJ did not use Allen's lowest IQ score from Dr. Fruge's evaluation and that Allen's lowest IQ score showed that he suffered from mild mental retardation, not borderline intellectual functioning. The ALJ found that Allen's borderline intellectual functioning was a severe impairment. In determining that Allen did not meet the requirements of Listing 112.05(D), the ALJ found that Allen did not have an additional impairment that imposed a significant limitation on his functioning, implicitly using Allen's lowest IQ score and finding that Allen met the IQ requirement of the listing. See 20 C.F.R., Part 404, Subpart P, App. 1, ¶ 112.05(D). Accordingly, any error committed by the ALJ in finding that Allen suffered from borderline intellectual functioning and not mild mental retardation did not affect the ALJ's decision or Phillips's substantial rights and was harmless. See Morris v. Bowen, 864 F.2d 333, 335 (5th Cir. 1988).

Phillips additionally asserts that the ALJ's determinations that Allen's psychological impairments were not severe impairments and had not lasted and were not expected to last for 12 months were erroneous. The record reveals that the ALJ's determination that Allen's psychological impairments did not

impose a significant limitation on his functioning was supported by substantial evidence.  See Martinez v. Chater, 64 F.3d 172, 173 (5th Cir. 1995).  This determination was sufficient to support the ALJ's finding that Allen did not meet the requirements of Listing 112.05(D).  See 20 C.F.R., Part 404, Subpart P, App. 1, ¶ 112.05(D).  The ALJ's determinations that Allen's psychological impairments were not severe and had not lasted and were not expected to last for 12 months did not affect his decision because he determined that Allen did have a severe impairment and completed the proper sequential analysis of Allen's impairments.  See 20 C.F.R. § 416.994a(b).  Accordingly, even if the ALJ erred in making those determinations, any such error did not affect Phillips's substantial rights and was harmless.  See Morris, 864 F.2d at 335.

AFFIRMED.