United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 31, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-31055
Summary Calendar

MAXANN C. FINK,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 02-CV-2136
--------------------

Consolidated With

No. 04-30121
Summary Calendar

IDA J. ROCHESTER,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CV-2114
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Maxann C. Fink appeals the district court's judgment denying her motion for summary judgment, granting the Commissioner's cross-motion for summary judgment, and affirming the Commissioner's decision denying her applications for disability insurance benefits and supplemental security income (SSI) benefits. Ida J. Rochester appeals the district court's judgment affirming the Commissioner's decision denying Rochester's application for SSI benefits. The appeals have been consolidated. In reviewing the Commissioner's decisions to deny benefits, we must determine whether there is substantial evidence in the record to support the decisions and whether the proper legal standards were used in evaluating the evidence. Ripley v. Chater, 67 F.3d 552, 555 (5th Cir. 1995).

Fink argues that the Commissioner violated 20 C.F.R. § 404.1512(e)(1) and (f) by ordering a consultative examination (CE) without first recontacting the treating physicians for an explanation of any perceived discrepancies in the medical records. Both Fink and Rochester contend that the Commissioner also violated 20 C.F.R. § 404.1519h by failing to appoint a treating physician to perform the CE. Fink and Rochester next

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenge the proceedings at their respective administrative hearings, arguing that the administrative law judges (ALJs) violated 20 C.F.R. §§ 404.1512(e) and 404.1527(d)(2) by failing to 1) recontact the treating physicians and 2) consider the necessary regulatory factors when declining to afford controlling weight to the treating physicians' opinions. Rochester also argues that the ALJ erred by failing to address the written statement of her sister.

Because Fink and Rochester were afforded the opportunity to supplement their respective records with additional medical reports from their treating physicians, we hold that any procedural errors committed by the Commissioner were harmless and did not affect Fink's or Rochester's substantial rights. See Morris v. Bowen, 864 F.2d 333, 335 (5th Cir. 1988). Similarly, Fink's and Rochester's reliance upon Newton v. Apfel for purposes of their alleged ALJ procedural errors is misplaced since the records for both Fink and Rochester contained "other medical opinion evidence based on personal examination" in the form of the CE reports. See 209 F.3d 448, 453 (5th Cir. 2000). Accordingly, we hold that the ALJs did not commit error when declining to afford controlling weight to the treating physicians' opinions. Finally, we reject Rochester's argument regarding the ALJ's failure to address her sister's written statement as conclusional and lacking merit.

The records reveal that the ALJs' decisions to deny benefits were supported by substantial evidence.  See <u>Martinez v. Chater</u>, 64 F.3d 172, 173 (5th Cir. 1995).

AFFIRMED.