**United States Court of Appeals**

**Fifth Circuit**

**F I L E D**

**April 27, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 05-20669
Summary Calendar

---

ROLANDO MENCHACA,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(4:03-CV-05310)
--------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM[*]:

Rolando Menchaca appeals the district court's judgment denying his petition for fees under the Equal Access to Justice Act ("EAJA")[1] and affirming the conclusion of the Commissioner of Social Security ("Commissioner") that Menchaca does not suffer from a "disability" within the meaning of the Social Security Act ("SSA").[2]  Having carefully reviewed the record and briefs, we

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 28 U.S.C. § 2412(d).

[2] 42 U.S.C. § 423(d) (defining "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected

affirm the district court's judgment.

First, Menchaca is not a "prevailing party" eligible for a fee award under EAJA. To qualify as a prevailing party, "the plaintiff [must have] succeeded on any significant issue in litigation which achieved some of the benefit [he] sought in bringing suit."[3] Menchaca argues that he prevailed at a conference held before the district court because the court allegedly ordered the Commissioner to reimburse Menchaca for his costs incurred in gathering documents for his Social Security file. Nothing in the record, however, establishes that the district court issued such an order or, assuming that it did, that this particular matter would qualify as a "significant issue," Menchaca's success in which would have "achieved some of the benefit [he] sought in bringing suit."[4]

Second, the Commissioner's conclusion that Menchaca is not disabled within the meaning of the SSA is supported by substantial evidence and is not tainted by any legal errors. "Substantial evidence is 'more than a mere scintilla. It means such relevant

to last for a continuous period of not less than 12 months").

[3] Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 791-92 (1989) (internal quotation marks and alterations omitted).

[4] Id.
Menchaca also contends that, under Federal Rules of Civil Procedure 37(b)(2)(A), (B), and (C), "the party who has completely failed to meet deadlines has, as a matter of law, a penalty of payment of attorney's fees and/or of loss of the right to present evidence." Those rules, however, govern a parties' failure to cooperate in discovery, not a party's failure to answer a complaint in a timely manner.

evidence as a reasonable mind might accept as adequate to support a conclusion.'"[5]  Notably, "we may not reweigh the evidence in the record, nor try the issues de novo, nor substitute our judgment for that of the [Commissioner], even if the evidence preponderates against [her] decision."[6]  In other words, if the Commissioner's conclusion is supported by substantial evidence, we must affirm it, even in the face of conflicting evidence.  This is because "[c]onflicts in the evidence are for the [Commissioner] and not the courts to resolve."[7]

The Commissioner based her conclusion that Menchaca is not disabled on both steps four (whether Menchaca retained the residual functional capacity to perform his past relevant work) and five (whether, considering Menchaca's residual functional capacity, age, education, and work experience, he is capable of engaging in other work that exists in significant numbers in the national economy) of the five-step sequential evaluation process mandated by 20 C.F.R. §§ 404.1520 and 416.920.  Menchaca challenges the Commissioner's conclusion at both of these steps, but expends most of his energy challenging the Commissioner's step four analysis.  As the five-step sequential process embodies a conjunctive test, however, we

---

[5] Brown v. Apfel, 192 F.3d 492. 496 (5th Cir. 1999) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)) (internal quotation marks omitted).

[6] Johnson v. Bowen, 864 F.2d 340, 343 (5th Cir. 1988).

[7] Brown, 192 F.3d at 496 (internal quotation marks omitted).

must affirm the Commissioner's decision if her conclusion at <u>either</u> step four or step five is supported by substantial evidence and not tainted by legal error. It is therefore unnecessary for us to consider the propriety of her conclusion at step four because her conclusion at step five is both supported by substantial evidence and free from legal error.[8]

At step five, the Commissioner concluded that Menchaca's residual functional capacity, age, education, and work experience enable him to "perform the full range of sedentary, unskilled work" and that such jobs "are found to exist [in the national economy] in significant numbers." To reach this conclusion, the Commissioner relied on the testimony of a Vocational Expert and the Medical-Vocational Guidelines.[9] Menchaca argues that the Commissioner erred in both of these respects because "the hypothetical question [she] posed did not adequately incorporate" Menchaca's characteristics, and reliance on the Medical-Vocational Guidelines is not permitted "when there are non-exertional limitations." Like his other arguments, these are meritless. First, the

---

[8] To impugn the Commissioner's decision at step four, Menchaca most forcefully argues that the Commissioner improperly classified his residual functional capacity as limiting him to light work, claiming that the Commissioner erred in her consideration of Menchaca's evidence of pain. We need not address this argument, though, because the Commissioner's conclusion at step five assumed that Menchaca is correct that his residual functional capacity limits him to sedentary work. In his appellate brief, Menchaca agrees with this sedentary residual functional capacity.

[9] <u>See</u> 20 C.F.R. § 404.1569 & Subpart P., App. 2.

-4-

Commissioner's hypothetical question adequately incorporated Menchaca's characteristics, and Menchaca's counsel had the opportunity to correct any problems with it on cross-examination of the Vocational Expert.[10] Second, our precedents permit the Commissioner to rely on the Medical-Vocational Guidelines "[w]hen the characteristics of the claimant correspond to criteria in" those Guidelines "and the claimant . . . suffers only from . . . non-exertional impairments [that] do not significantly affect his residual functional capacity."[11] Here, the Vocational Expert explicitly testified that Menchaca's non-exertional limitations would cause "zero percent erosion" in the amount of sedentary, unskilled jobs available to him. As Menchaca has made no attempt to rebut this evidence, we agree that his non-exertional limitations "do not significantly affect his residual functional capacity."[12] We thus perceive no error in the Commissioner's

---

[10] The hypothetical question assumed the following facts: an "individual 44 years of age who's completed a GED," who is "limited by the qualification that the individual should neither bend nor stoop on more than an occasional basis," for whom "[c]rawling is precluded as is working at significant unprotected heights," and whose residual functional capacity is "sedentary as a result of his pain symptoms." According to the Vocational Expert, "sedentary, unskilled work . . . would be most appropriate" for such an individual. Cf. Morris v. Bowen, 864 F.2d 333, 335-36 (5th Cir. 1988) (permitting reliance on a hypothetical question where the question "reasonably incorporated" the claimant's characteristics and the claimant "had an opportunity to correct any defect in the hypothetical").

[11] Fraga v. Bowen, 810 F.2d 1296, 1304 (5th Cir. 1987).

[12] Id.

reliance on the Vocational-Medical Guidelines.

AFFIRMED.