United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 14, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

No. 06-30889
Summary Calendar

SANDRA LEIA BEENE,

Plaintiff - Appellant,

versus

LINDA S. MCMAHON, Acting, COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(5:05-CV-1057)

_____

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges

PER CURIAM:*

Sandra Leia Beene appeals the district court's decision affirming an administrative decision of the Commissioner of Social Security, denying her application for disability benefits under the Social Security Act (SSA).

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In June 2003, Beene filed for disability insurance benefits and supplemental security income, claiming she became disabled due to the effects of Hepatitis C and related treatment, as well as other medical problems. The administrative law judge (ALJ) denied Beene's claim for benefits. Beene exhausted all administrative appeals after which the ALJ's decision became the final decision of the Commissioner of the Social Security Administration. Beene then filed this action, seeking judicial review of the Commissioner's decision under 42 U.S.C. § 405(g). The district court affirmed the benefits denial.

To qualify for disability benefits under the Social Security Act (SSA), a claimant has "the burden of proving she has a medically determinable physical or mental impairment lasting at least twelve months that prevents her from engaging in substantial gainful activity". *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (citing 42 U.S.C. § 423(d)(1)(A)). In evaluating whether a claimant is disabled under the SSA, the ALJ uses the well-established five-step sequential inquiry: (1) Is the claimant engaged in substantial gainful activity?; (2) Does the claimant have a severe impairment?; (3) Does the impairment meet or equal a listed impairment?; (4) Does the impairment prevent the claimant from performing past relevant work?; and (5) Does the impairment prevent the claimant from doing any other work? *See* C.F.R. § 404.1520. A determination of disability at any step ends the inquiry. *Id*.

In its transition from steps three to four, the ALJ determines the claimant's residual functional capacity (RFC), which is a determination, based on the evidence in the record, "of the most the claimant can still do despite [her] physical and mental limitations". *Perez v. Barnhart*, 415 F.3d 457, 462 (5th Cir. 2005). The claimant's RFC is used in steps four and five of the sequential analysis. *Id.*

In reviewing the Commissioner's decision, we grant it "great deference" and do not disturb it unless we "cannot find substantial evidence in the record to support the Commissioner's decision or find[] that the Commissioner made an error of law". *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance, and is such evidence as a reasonable mind might accept as adequate to support the decision. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (internal citations and quotations omitted). "In applying the substantial evidence standard, the court scrutinizes the record to determine whether such evidence is present, but may not reweigh the evidence or substitute its judgment for the Commissioner's." *Perez*, 415 F.3d at 461 (internal citations omitted). Beene claims: (1) the ALJ erred by improperly defining "moderate" mental limitations in assessing her RFC; and (2) substantial evidence does *not* support the ALJ's RFC assessment.

3

In assessing Beene's RFC, the ALJ concluded she had a moderately reduced ability to understand, remember, and carry out detailed instructions, and a moderate limitation in the abilities to maintain attention and concentration for extended periods of time, interact with the general public, and set goals independently of others. The ALJ explained that moderate meant "there was a moderate limitation in this area, but the individual is still able to function satisfactorily". Beene contends this definition is inconsistent with SSA regulations or the SSA's Program Operations Manual Systems (POMS), the internal operating procedures of the SSA. (Beene does *not*, however, point to a contrary definition in the SSA regulations or the POMS.)

As the district court correctly noted, the critical issue on appeal is *not* the precise definition of "moderate" but whether the ALJ was properly able to assess Beene's RFC to determine: whether she was able to perform her past job; or in the alternative, whether there were other jobs available for her in the national economy. *See* C.F.R. § 404.1520(a) (steps four and five in the sequential analysis). To that end, the ALJ had a vocational expert determine, based on the definition of the RFC found by the ALJ, whether Beene would be employable. *See* **Vaughan v. Shalala**, 58 F.3d 129, 132 (5th Cir. 1995) ("A vocational expert is called to testify because of his familiarity with the job requirements and working conditions. The value of a vocational expert is that he is familiar with the specific requirements of a particular occupation,

4

including working conditions and the attributes and skills needed." (internal citations and quotations omitted)).  The vocational expert was able to sufficiently incorporate the disabilities outlined by the ALJ and determine that Beene would be able to find employment in the national economy.  *See, e.g., **Morris v. Bowen***, 864 F.2d 333, 336 (5th Cir. 1988); ***Wilson v. Barnhart***, 284 F.3d 1219, 1227 (11th Cir. 2002).

 Regarding Beene's claim that substantial evidence does *not* support the ALJ's RFC findings, the ALJ concluded that, while Beene had "limitations" on her ability to perform work, they were *not* disabling to the extent alleged.  Beene contends:  her disabilities are more severe than the ALJ determined; and she is unable to perform any type of work satisfactorily.  Substantial evidence, however, supports the ALJ's conclusions.  In September 2003, while still undergoing treatment for Hepatitis C, Dr. Thomas Staats, a clinical neuropsychologist conducted a consultive mental-status exam and concluded, *inter alia*, that Beene's thinking was logical and coherent, her memory was intact, and her sustained concentration was adequate.  He did note, however, that she had problems with social interactions and she likely suffered from depression and anxiety due to the general medical condition and adverse effects of certain medications.  Beene was also examined by Dr. Linda Hartwell, a clinical psychologist and state agency medical consultant, who reported Beene had some moderate

5

limitations in areas of understanding and memory, sustained concentration and persistence, and social interactions, but had no significant limitations in these areas.  Dr. Hartwell stated Beene was mentally capable of functioning in the work setting.  The ALJ's findings are supported by substantial evidence; therefore, the district court did *not* err in affirming the denial of benefits. *See **Brown,*** 192 F.3d at 496 (5th Cir. 1999).

***AFFIRMED***