IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 3, 2007

Charles R. Fulbruge III
Clerk

No. 07-30143
Summary Calendar

STELLA MANION

Plaintiff-Appellant

v.

MICHAEL J. ASTRUE, Commissioner of Social Security

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CV-2123

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Stella Manion appeals a summary judgment for the Commissioner of the Social Security Administration's denial of her claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-34. Manion does not challenge whether the Commissioner's decision is supported by substantial evidence. Instead, she maintains the Administrative Law Judge (ALJ) did not properly develop the record and committed procedural errors by:

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sending treating physicians follow-up interrogatories; and ordering a consultative examination from a non-treating physician.

In applying for disability insurance benefits, Manion claimed disability due to fibromyalgia, neuropathy, acid reflux, gall stones, and high blood pressure. After the Commissioner denied her application, Manion requested, and received, an administrative hearing. She submitted five medical assessments from her treating physicians to the ALJ for review. The ALJ then sent each treating physician a request for supporting documentation. In addition, the ALJ solicited a non-treating physician to perform a consultative examination upon Manion.

The ALJ held: Manion was not under a "disability", as defined in the Social Security Act; and she retained the residual functional capability to, inter alia, continue her past work as a beautician. The Appeals Council denied Manion's request for review, leaving the ALJ's decision to stand as the final decision of the Commissioner.

Procedural perfection is not required in administrative proceedings; accordingly, we "will not vacate a judgment unless the substantial rights of a party have been affected". Mays v. Bowen, 837 F.2d 1362, 1364 (5th Cir. 1988); see also Morris v. Bowen, 864 F.2d 333, 335 (5th Cir. 1988).

Essentially for the reasons stated by the district court, summary judgment was proper. An ALJ may contact a treating physician to obtain clarification of a previously submitted medical report. 20 C.F.R. § 404.1512(e). Additionally, when a consultative examination is ordered, it is not mandatory that it be performed by a treating physician. 20 C.F.R. § 404.1519h.

The assertion that the ALJ did not properly develop the record was not raised in district court. Accordingly, it is waived. E.g., Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999) ("This Court will not consider an issue that a party fails to raise in the district court absent extraordinary circumstances . . . .").

AFFIRMED.