IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 6, 2008

Charles R. Fulbruge III
Clerk

No. 07-51067
Summary Calendar

KEVIN BARRATT

Plaintiff-Appellant

v.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CV-417

Before JONES, Chief Judge, and PRADO, and ELROD, Circuit Judges.

PER CURIAM:[*]

Kevin Barratt challenges the Commissioner of Social Security's final decision to deny his application for disability benefits. Because the Commissioner's decision is supported by substantial evidence and is consistent with applicable law, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. BACKGROUND

Barratt filed an application for disability benefits in January 2004, alleging he was unable to work due to bipolar disorder and gastritis. The Commissioner denied Barratt's application. Barratt then requested a hearing before an Administrative Law Judge ("ALJ"), which was held in November 2005. In a written decision, the ALJ found that Barratt had bipolar disorder, a substance abuse disorder, and gastritis. The ALJ determined that these impairments were severe, but that they did not correspond individually or collectively to an impairment specifically listed in the regulations. The ALJ found that Barratt retained the residual functional capacity ("RFC") to lift and carry twenty pounds occasionally and ten pounds frequently, to stand, walk, and sit six hours in an eight-hour workday, and to perform simple, repetitive unskilled work that required only superficial contact with coworkers and the public. Based on this RFC, the ALJ concluded that Barratt could not perform his past relevant work as a construction carpenter. The ALJ found that Barratt could, however, perform other jobs available in the national economy. Accordingly, the ALJ held that Barratt was not disabled within the meaning of the Social Security Act.

The Appeals Council denied Barratt's request for review, and the ALJ's decision became the Commissioner's final decision for purposes of judicial review. Having exhausted his administrative remedies, Barratt filed suit in the district court. The case was referred to a magistrate judge, who issued a Report and Recommendation that Barratt's claims be denied. The district court accepted the magistrate judge's recommendation and affirmed the administrative decision denying Barratt's application for benefits. Barratt timely appealed to this court.

## II. DISCUSSION

We review the Commissioner's decision to deny social security benefits only to determine whether the decision is supported by substantial evidence and based on proper legal standards. Brown v. Apfel, 192 F.3d 492, 496 (5th Cir. 1999); Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). We may not reweigh the evidence or substitute our own judgment for that of the Commissioner. Hollis v. Bowen, 837 F.2d 1378, 1383 (5th Cir. 1988).

Barratt contends that the ALJ's decision is not supported by substantial evidence because the ALJ did not make a distinct finding as to his ability to maintain any work he might obtain. Relying on Singletary v. Bowen, Barratt argues that in cases involving mental impairment, the ALJ must articulate separate and distinct findings that the applicant can perform the incidents of a job and that he can maintain the job over a sustained period. 798 F.2d 818 (5th Cir. 1986). However, this court has rejected the contention that Singletary requires a separate finding with respect to the claimant's ability to maintain employment in every case. See Frank v. Barnhart, 326 F.3d 618, 621 (5th Cir. 2003) ("Singletary simply interpreted 'disability' under the Act to apply to cases in which a person could work for short periods, but could not hold a job. It did not require . . . separate findings on "obtaining" and "maintaining" a job in every case . . . .").

Here, Barratt has not offered evidence that he could work only in short spurts, or that his condition otherwise waxes and wanes in a manner that prevents him from maintaining employment. Nor has he shown that the ALJ failed to include any fluctuations in his symptoms in the RFC determination. Without such a showing, Barratt's ability to maintain employment is subsumed

in the RFC determination. See Perez v. Barnhart, 415 F.3d 457, 465 (5th Cir. 2005). Barratt's argument on this point is without merit.

Next, Barratt argues that substantial evidence does not support the ALJ's decision because the ALJ relied on testimony from a vocational expert ("VE") that conflicted with the Dictionary of Occupational Titles ("DOT"). In deciding that Barratt could perform other jobs available in the national economy, the ALJ found that Barratt could work as a groundskeeper/maintenance worker, janitor, or production worker. At the hearing, the VE testified that these jobs were "light, unskilled" positions, which a person of Barratt's RFC and specific characteristics could perform. Barratt asserts that this testimony conflicts with the DOT because the DOT classifies the jobs as "semi-skilled" or as requiring "medium" exertion.

This court has noted that a VE's erroneous classification of the exertion level or skills required to perform a particular job may call into question the probative value and reliability of such testimony. Carey v. Apfel, 230 F.3d 131, 147 (5th Cir. 2000). However, "when there is a conflict between the VE's testimony and the DOT, the ALJ may rely upon the VE's testimony provided that the record reflects an adequate basis for doing so." Id. at 146.

In this case, the record reflects an adequate basis for the ALJ's reliance on the VE's testimony. The ALJ asked the VE to consider a hypothetical individual with Barratt's RFC and other characteristics — specifically, an individual of Barratt's age, education, and work experience who could perform light work and simple repetitive tasks and could have only superficial contact with co-workers. The VE testified that such an individual could perform each of the jobs the ALJ cited in her opinion. Barratt's own testimony also supports the ALJ's conclusion. Barratt testified that he was working with his case worker regarding future employment and that he might get another job "depending on how much money"

he received in SSI benefits. Barrett further testified that he could see himself working in a warehouse doing inventory.

Moreover, Barratt's counsel had an opportunity at the administrative hearing to cross-examine the VE regarding the classification of the jobs she cited, but opted not to do so. As this court has explained, "claimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the administrative hearing." Carey, 230 F.3d at 146-47. For these reasons, we reject Barratt's contention that the ALJ reversibly erred in concluding that he could perform other work in the national economy.[1]

The judgment of the district court is AFFIRMED.

---

[1] We also reject Barratt's contention that reversal is required because the ALJ did not comply with Social Security Ruling 00-4p. This ruling provides that adjudicators should identify and obtain an explanation for any conflicts between the VE's evidence and the DOT, and explain in their decision how any identified conflicts were resolved. Although the ALJ did not obtain an explanation for the alleged discrepancy in this case, "[p]rocedural perfection in administrative proceedings is not required. This court will not vacate a judgment unless the substantial rights of a party have been affected." Mays v. Bowen, 837 F.2d 1362, 1364 (5th Cir. 1988). Such procedural improprieties "constitute a basis for remand only if such improprieties would cast into doubt the existence of substantial evidence to support the ALJ's decision." Morris v. Bowen, 864 F.2d 333, 335 (5th Cir. 1988).