# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 20, 2010

No. 09-50658
Summary Calendar

Lyle W. Cayce
Clerk

VICKI HUET,

Plaintiff – Appellant

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

Defendant – Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:08-CV-507

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Plaintiff Vicki Huet's claim for disability insurance benefits was denied by the Commissioner of the Social Security Administration. This denial was affirmed by the district court. On appeal, Huet claims the district court erred in affirming the decision that she was not disabled during the relevant time period, and in denying her disability insurance benefits claim. We conclude that there was no error and AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-50658

BACKGROUND

On June 24, 1999, Huet filed a claim for disability insurance benefits alleging disability since January 20, 1994, due to fibromyalgia, headaches, and depression.   On December 4, 2002, a hearing was conducted before an administrative law judge ("ALJ").   On January 28, 2003, the ALJ issued a decision finding Huet not disabled during the relevant time period and denying her claim for disability insurance benefits.[1]  This decision was appealed to the Appeals Council, which remanded the matter for a second hearing.

A different ALJ conducted the second hearing on January 10, 2005.  On April 12, 2005, the ALJ denied Huet's claim.  The Appeals Council denied Huet's request for review, making the ALJ's ruling the final decision of the Commissioner.  42 U.S.C. § 405(h).  On appeal, the United States District Court for the Western District of Texas held that the ALJ failed to conduct a necessary review under *Watson v. Barnhart*, 288 F.3d 212 (5th Cir. 2002).  The case was remanded to the ALJ for the *Watson* review, which would determine whether Huet could maintain employment for a significant period of time.

The same ALJ who had conducted the second hearing conducted the third on October 26, 2007.  On February 6, 2008, the ALJ found Huet was not disabled during the relevant time period.  The claim for disability insurance benefits was denied.  The Appeals Council denied review.  Huet appealed again to the district court.  On May 20, 2009, the court affirmed the Commissioner's final decision and denied Huet's claim for disability insurance benefits.

Huet then appealed here.

---

[1]     The last day Huet met the insured status requirements of the Social Security Act was on June 30, 2000.  Therefore, the relevant time period during which she can claim disability insurance benefits was between January 20, 1994 and June 30, 2000.

No. 09-50658

DISCUSSION

Under the Social Security Act, a "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." *Id.* § 423(d)(2)(A).

Huet claims the district court erred in affirming the Commissioner's final decision and denying disability insurance benefits, because the district court: (A) failed to enforce its order directing the ALJ to conduct a *Watson* review, and no such review was conducted; (B) failed to give sufficient weight to opinions of treating and examining physicians; and (C) failed to recognize that the ALJ's findings were not based on substantial evidence. We will consider Huet's specific issues, but our review is limited. We determine "(1) whether the Commissioner applied the proper legal standard; and (2) whether the Commissioner's decision is supported by substantial evidence." *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002); *see also* 42 U.S.C. § 405(g).

A.    *The* Watson *Review*

The *Watson* review that Huet claims never occurred is required when a claimant's ailment, by its nature, "waxes and wanes in its manifestation of disabling symptoms." *Frank v. Barnhart*, 326 F.3d 618, 619 (5th Cir. 2003) (discussing *Watson*). In such situations, the ALJ is required "to make a finding

3

as to the claimant's ability to maintain a job for a significant period of time, notwithstanding the exertional, as opposed to non-exertional (e.g., mental illness) nature of the claimant's alleged disability." *Id.* The goal of the *Watson* review is to determine if the claimant is capable of *maintaining* substantially gainful employment. *Id.* On the other hand, "to support a finding of disability, the claimant's intermittently recurring symptoms must be of sufficient frequency or severity to prevent the claimant from holding a job for a significant period of time." *Id.*

In the first appeal, the district court found that the ALJ had not adequately addressed whether Huet's limitations prevented her from maintaining a job. The case was remanded and the ALJ ordered to perform the *Watson* review. The ALJ characterized this remand as his being directed "to address an unsuccessful work attempt and determine whether this evidence supports a conclusion the claimant was unable to maintain work due to absenteeism." The ALJ made ten specific findings, though none explicitly referred to *Watson*. The ALJ found Huet capable of maintaining substantially gainful employment during the relevant time period. "The evidence of record does not substantiate the degree of limitation alleged, or support a conclusion the claimant was precluded from performing the demands of competitive work on a sustained basis." Another finding was that the "evidence does not establish that the claimant would be unable, during the period relevant to this case, to perform work on a sustained basis consistent with the residual functional capacity set forth above." The ALJ explained what was missing in the evidence:

> While it is noted the claimant had one unsuccessful work attempt during the 6 1/2 year period under consideration, this fact alone does not support a conclusion of disability when viewed in the

No. 09-50658

context of the entire record. In fact, the claimant's limited pursuit of employment, even when encouraged to work by one treating source, raises questions about her motivation. These facts, and the fact the claimant's one work attempt place at a church daycare center, a position that would typically require medium exertion and some independent decision making, do not support a conclusion the claimant could not sustain work within the parameters of the residual functional capacity set forth above.

The district court affirmed. The court noted that the ALJ never stated that he was making a *Watson* finding. The district court still found that the ALJ "did address the critical issue of whether Plaintiff was able to maintain sustained employment during the relevant period," and that no error occurred.

Huet now claims that the district court allowed the ALJ to ignore the order to conduct a *Watson* review. Labels do not control. If the ALJ properly performed the review without citing *Watson*, the remand order was satisfied.

*Watson* requires "a finding as to the claimant's ability to maintain a job for a significant period of time, notwithstanding the exertional . . . nature of the claimant's alleged disability." *Frank*, 326 F.3d at 619. The ALJ has done so here. Therefore, the proper legal standard was applied.

B.      *Weight Given to Medical Opinions*

Huet claims that the ALJ, whose decision was affirmed by the district court, did not give proper weight to the opinions of Dr. Robert Dougherty, who she contends is a treating physician. A physician qualifies as a "treating source" if the claimant sees the physician "with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for [the] medical condition(s)." 20 C.F.R. § 404.1502.

5

Generally, more weight is given to a treating physician's opinions. *See id.* § 404.1527(d)(2). Under certain circumstances, though, an ALJ may discount or reject a treating physician's opinion. Instances include when "the treating physician's evidence is conclusory . . . or is otherwise unsupported by the evidence." *Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000). If controlling weight is not given to a treating physician's opinion, the ALJ is required to give "good reasons" for the weight given to this opinion. 20 C.F.R. § 404.1527(d)(2).

Regardless of whether it comes from a treating physician or not, conclusions that a claimant is "disabled" or "unable to work" are not given special significance. *Id.* § 404.1527(e)(3). Those conclusions are reserved for the Commissioner. *Id.* § 404.1527(e)(1).

The district court found that the ALJ carefully considered the statements of Huet's physicians and properly determined that Dr. Dougherty's opinions were not entitled to controlling weight. We agree. For the reasons explained by the district court, we hold that the ALJ did not err in determining the weight given to Huet's physicians' medical opinions.

C.    *Substantial Evidence*

Huet also alleges that the district court erred in affirming the Commissioner's decision, because there was not substantial evidence of jobs in significant numbers in the national economy that she could perform if she was absent three to four days per month.

"Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Watson*, 288 F.3d at 215 (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). If there is substantial evidence

No. 09-50658

to support the findings, they are conclusive and will be affirmed. *Id*. The relevant evidence here was to support the final step of a five-step evaluation process: the Commissioner at that stage must demonstrate that a claimant can perform relevant work. *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). At the hearing, the ALJ posed a scenario to a vocational expert in which the hypothetical claimant had the limitations the ALJ found Huet to possess. The expert testified that a such a person could work as an office helper, serving worker, fund raiser, or information clerk, and that there were a significant number of these jobs in Texas and across the nation. On cross-examination, the vocational expert testified that a hypothetical claimant who missed three to four days of work per month would not be able to be employed in any of these jobs. This kind of testimony may be used to meet the Commissioner's evidentiary burden. *Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

Huet argues that the cross-examination testimony required the award of benefits. However, the ALJ was not required to agree that the symptoms would cause her to miss three to four days of work per month. The ALJ did not find that these allegations concerning her symptoms were supported by substantial medical evidence in the record.

Substantial evidence supports the Commissioner's determination that Huet was not disabled during the relevant time period.

AFFIRMED.