**UNITED STATES COURT OF APPEALS**

**For the Fifth Circuit**

No. 97-10074
Summary Calendar

ROBERT P. KINASH,

Plaintiff-Appellant,

VERSUS

JOHN J. CALLAHAN, Commissioner of
Social Security,

Defendant-Appellee.

Appeal from the United States District Court
For the Northern District of Texas

(7:93-CV-24)

October 13, 1997

Before WISDOM, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Robert P. Kinash has suffered from ailments affecting his hands, experienced pain and discomfort in his feet, and lost the ability to hear high frequencies. He filed an initial request for disability benefits under Title II of the Social Security Act on May 11, 1981, alleging that he became disabled on June 1, 1979. The Commissioner denied that application, and Kinash did not seek a timely judicial review. On December 20, 1989, Kinash filed a second application for social security disability benefits. As part of this application, Kinash sought to reopen his previous application. The

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Commissioner refused to reopen the 1981 application and found that Kinash was not disabled. On appeal, the district court affirmed the denial. Kinash appeals from that decision.

I.

First, Kinash argues that the Commissioner erred in failing to reopen his 1981 disability claim. We cannot review the Commissioner's refusal to reopen this final determination unless the claimant challenges the Commissioner's actions in denying the claim based upon constitutional grounds.[2] Merely alleging a constitutional violation or making a conclusory allegation is not enough; the claimant must have a colorable constitutional claim.[3] Kinash argues that he was denied due process because the Commissioner failed to notify him of the final decision denying his 1981 application on appeal. We disagree.

Generally, a claimant has sixty days to seek judicial review of the Commissioner's final decision.[4] This period runs from the date the claimant received notification of the decision.[5] There is a rebuttable presumption that notice is received five days after it is mailed by the Commissioner to the claimant.[6] Kinash maintains that he did not receive the notice. He also points us to a copy of the notification letter containing an incomplete address for his personal representative. The availability of judicial review does not depend upon the receipt of notice by the claimant's attorney or personal

---

[2]     *Califano v. Sanders*, 430 U.S. 99, 109 (1977).

[3]     *Torres v. Shalala*, 48 F.3d 887, 890 (5th Cir. 1995); *Robertson v. Bowen*, 803 F.2d 808, 810 (5th Cir. 1986).

[4]     42 U.S.C. § 405(g).

[5]     20 C.F.R. § 422.210(c).

[6]     20 C.F.R. § 422.210(c).

2

representative.[7] Therefore, we do not consider the effect of the incomplete address on the notification sent to Kinash's representative. Our focus is on the notice sent to Kinash, a notice that was sent to his correct address on March 17, 1982. His sworn word that he did not receive this notice is not sufficient, by itself, to rebut the statutory presumption that the notice was received five days after it was sent.[8] We conclude that no due process violation has occurred. The Commissioner's refusal to reopen the 1981 application is not subject to judicial review.

## II.

Next, Kinash argues that the Commissioner erred in finding him not disabled and capable of obtaining gainful employment in the national economy. Our review of the Commissioner's decision is limited to determining whether that decision is supported by substantial evidence and whether the Commissioner has employed the correct legal standards.[9]

The Commissioner found that Kinash did not suffer from an impairment listed in the social security disability guidelines. At the ALJ's hearing, Kinash maintained that his condition met or was the medical equivalent of the requirements of §1.109A or §1.13 of the listings.[10] Dr. Bell, an orthopedic specialist, testified that Kinash's condition met neither listing, nor was it the medical equivalent of either listing. Kinash offered no medical testimony to the contrary. From this, we conclude that there was sufficient evidence for the Commissioner to find that Kinash did not suffer

---

[7] *Flores v. Sullivan*, 945 F.2d 109, 111-3 (5th Cir. 1991).

[8] *McCall v. Bowen*, 832 F.2d 862, 864 (5th Cir. 1987).

[9] *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).

[10] 20 C.F.R. §404, Subpt. P, App. 1.

from these listed conditions.[11]

The Commissioner also found that Kinash was capable of obtaining gainful employment in the national economy. We find that there is substantial evidence in the record to support this finding. Clinton Wainwright, a vocational expert, testified that Kinash was qualified to work as a survey supervisor and that Kinash's impairments would not prevent him from working in this role. In addition, Kinash testified that he was able to participate in many activities including camping and driving his vehicle.

## III.

Finally, Kinash argues that the Commissioner did not give sufficient weight to the disability determinations of the VA and the Agent Orange Veterans Payment Program. Under this Court's previous decision, the Commissioner was required to give great weight to the disability

---

[11] In this appeal, Kinash also argues that his condition is equivalent to the "Undifferentiated Connective Tissue Disorder" listing that was added to the social security disability regulations in 1993. 20 C.F.R. §404, Subpt. P, App. 1, Sec. 14.06. Kinash did not raise this issue in the district court. As a general rule, this Court does not review issues that are raised for the first time upon appeal. We may depart from this strict rule in an egregious case or to prevent a miscarriage of justice. This is not such a case. Section 14.06 was first proposed and made public on December 18, 1991. It was codified and printed in the Code of Federal Regulations effective April 1, 1993. Kinash did not file his brief in the district court until September 7, 1993. He filed his response brief on September 23, 1993. Kinash did not raise §14.06 in either brief.

On October 29, 1996, more than three years after §14.06 took effect, the magistrate issued his findings of fact and conclusions of law recommending the denial of Kinash's claims. Kinash objected to those findings, but he still did not raise §14.06. Kinash had ample time to bring this issue to the district court's attention. We will not excuse his failure to do so. We also find that no miscarriage of justice will occur because of this result since the Commissioner gave Kinash's complaints a full review. *See Chapparo v. Bowen*, 815 F.2d 1008, 1011 (5th Cir. 1987); *James v. Bowen*, 793 F.2d 702, 704 (5th Cir. 1986).

4

determinations of other agencies.[12] The decisions of those other agencies are not binding, however.[13] The record reflects that the Commissioner considered both of the agencies findings and the evidence underlying each. The Commissioner chose to disagree with those findings. This alone is not reversible error.

IV.

For the foregoing reasons, the judgment is AFFIRMED.

---

[12] *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994);*Underwood v. Bowen*, 828 F.2d 1081, 1083 (5th Cir. 1987).

[13] *Johnson v. Sullivan*, 894 F.2d 683, 686 (5th Cir. 1990); 20 C.F.R. § 404.1504.