IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20353
Summary Calendar
_____

MARY E. PAYNE,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-3342
--------------------
October 28, 2002
Before GARWOOD, JOLLY and SMITH, Circuit Judges.

PER CURIAM:[*]

    Mary E. Payne appeals from the district court's order
granting summary judgment for the Commissioner of Social
Security, and denying summary judgment for Payne, in Payne's
action for judicial review of the Commissioner's decision denying
Payne social security disability and supplemental security income
benefits.  Payne raises a number of contentions, which we
consider in turn.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Payne contends that the Administrative Law Judge (ALJ) failed to consider her hand, foot, and ankle impairments when determining her ability to work and failed to include her mental limitations due to depression in her residual functional capacity or in the hypothetical question posed to the vocational expert (VE). We decline to address Payne's contentions, which are raised for the first time on appeal. *Kinash v. Callaghan*, 129 F.3d 736, 739 n.10 (5th Cir. 1997).

Payne alleges that medical records from December 14, 1998 to October 30, 2000 demonstrated that on September 27, 2000–some two years after the ALJ's August 1998 decision--she suffered a heart attack due to her diabetes, that she suffered a number of other disorders related to diabetes, and that her depression was more severe than the somataform disorder noted by the ALJ. However, we agree with the Magistrate Judge's report, adopted by the District Court, that these records do not sufficiently show anything beyond "evidence of a new impairment and, perhaps, of recent deterioration of her non-disabling impairments" so as to require remand to the Secretary. See, e.g., Falco v. Shalala, 27 F.3d 160, 164 (5th Cir. 1994); Haywood v. Sullivan, 888 F.2d 1463, 1471-72 (5th Cir. 1989).

Payne contends that the ALJ erred by relying on the VE's testimony because his finding that she could perform the jobs he listed conflicted with the descriptions of those jobs in the DICTIONARY OF OCCUPATIONAL TITLES (DOT). According to Payne, the

requirements for those jobs are inconsistent with her below average ability to maintain attention and concentration and to deal with work stresses. The DOT's job descriptions for the jobs listed by the VE do not obviously conflict with Payne's abilities, as found by the ALJ. *See, e.g.,* DOT § 238.367.022 (4th ed., rev. 1991). Payne cites to no authority or facts beyond her own beliefs about job requirements to support her contention that a conflict exists. She has failed to show any conflict between the DOT and the VE's testimony.

AFFIRMED.