**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 22, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-21164
Conference Calendar

_____

ALI REZA DADI; ET AL.,

Plaintiffs,

ALI REZA DADI,

Plaintiff-Appellant,

versus

LYNN N. HUGHES, U.S. District Judge;
MICHAEL T. FLOREANS; JAMES BUCHANAN;
BRIAN T. MOFFATT; JACK ZIMMERMAN,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-3276
--------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Ali Reza Dadi, federal prisoner No. 59270-079, and his wife Carmen appeal the dismissal as frivolous of a civil rights complaint seeking damages for an alleged conspiracy to obtain the wrongful civil forfeiture of their home following Ali Reza Dadi's conviction for bank fraud and money laundering offenses.  We find

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

no abuse of discretion in the district court's dismissal of the complaint as frivolous.

For the first time on appeal, the Dadis argue that the forfeiture was wrongful because Ali Reza Dadi was an innocent owner of the property; that the forfeiture violates principles of double jeopardy; and, alternatively, that Carmen Dadi and the Dadi's three children were innocent owners of the property.

Absent exceptional circumstances that implicate the interests of justice, we generally do not review issues not raised in the district court. Kinash v. Callahan, 129 F.3d 736, 739 n.10 (5th Cir. 1997). Our review of issues raised for the first time on appeal is limited to errors that are "plain" and that "affect substantial rights." See United States v. Caverley, 37 F.3d 160, 162 (5th Cir. 1994) (en banc).

Dadi's claim that he is an innocent owner implicates the validity of his conviction and is thus barred by Heck v. Humphrey.[**] The in rem forfeiture of Dadi's house will not support a double jeopardy claim. United States v. Ursery, 518 U.S. 267, 288 (1996); United States v. Garcia Abrego, 141 F.3d 142, 173-74 (5th Cir. 1998). The "innocent owner" claim of Carmen Dadi and the Dadis' children is based on evidence not presented to the district court. As the district court did not have an opportunity to consider this issue, the error, if any,

---

[**] 512 U.S. 477 (1994).

cannot have been "plain."  <u>Robertson v. Plano City of Texas</u>, 70 F.3d 21, 23 (5th Cir. 1995).

This appeal is without arguable merit, and it is DISMISSED AS FRIVOLOUS.  <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.  The Dadis are WARNED that future frivolous appeals may result in the imposition of sanctions.

DISMISSED; SANCTION WARNING ISSUED.