United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 3, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-51387
Summary Calendar
_____

ROSALIE ORTIZ,

                                        Plaintiff-Appellant,

versus

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-01-CV-701-EP
--------------------

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

        Rosalie Ortiz appeals the district court's judgment that affirmed the decision of the Commissioner of Social Security denying disability benefits and supplemental security income.

        Ortiz argues for the first time on appeal that the Commissioner presented a flawed hypothetical to the vocational expert (VE) and, thus, improperly relied on the VE's opinion that there was work available in the economy that Ortiz could perform.

---

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The ALJ considered the medical evidence and Ortiz's testimony and made credibility determinations. Ortiz's representative was permitted to present an alternative hypothetical to the VE. Because the hypothetical incorporated the disabilities of Ortiz that the ALJ found to be credible, the ALJ could rely on VE's opinion based on that hypothetical. Boyd v. Apfel, 239 F.3d 698, 706-07 (5th Cir. 2001). Ortiz has not shown that exceptional circumstances exist that require review of this claim for the first time on appeal. Kinash v. Callahan, 129 F.3d 736, 738 n.10 (5th Cir. 1997).

Ortiz also argues for the first time on appeal that the Commissioner failed to properly evaluate her subjective complaints of pain in light of the medical evidence in the record. The medical evidence reflected that Ortiz's prescribed medication relieved her joint pain and acute synovitis and that her systemic lupus erythematosus condition had stabilized. Because the objective findings did not support the opinions of the treating physicians and Ortiz's testimony that she is disabled from performing any type of work, there is substantial evidence in the record supporting the ALJ's determination that Ortiz does not suffer from disabling pain. See Griego v. Sullivan, 940 F.2d 942, 945 (5th Cir. 1991). Ortiz has not shown exceptional circumstances that require the court to review this issue for the first time on appeal.

Insofar as Ortiz challenges the magistrate judge's evaluation of the evidence, the discussion above reflects that there was substantial evidence to support the ALJ's determination that Ortiz does not suffer from disabling pain and has the residual functional capacity to perform sedentary work with a sit/stand option.

Ortiz also argues that her case should be remanded for findings in accord with Watson v. Barnhart, 288 F.3d 212 (5th Cir. 2002) for a finding whether Ortiz can maintain employment. Ortiz does not assert that her condition only periodically precludes her from working and did not offer medical evidence that her condition would intermittently prevent her from maintaining employment or functioning in the employment context. Because there was substantial medical evidence that Ortiz could obtain and maintain a job, it is not necessary to remand the case for the ALJ to make a determination that was implicit in his initial findings. See Frank v. Barnhart, 326 F.3d 618 (5th Cir. Mar. 25, 2003, No. 01-30714), 2003 WL 1534379 at *1.

There is substantial evidence in the record to support the determination of the ALJ that Ortiz was not disabled. The decision of the Commissioner denying benefits is AFFIRMED.