United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 12, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 05-10453
Summary Calendar

MARY SEALS CHAPMAN,

Plaintiff-Appellant,

versus

ARLINGTON HOUSING AUTHORITY; HUD,
U. S. GOVERNMENT; DORIS DAVIS; DORIS
DAVIS REALTORS CORPORATION;
JIMMIE MARTIN,

Defendants-Appellees.

Appeal from the United States District Court for
the Northern District of Texas
(USDC No. 4:05-CV-70)

Before REAVLEY, DAVIS and PRADO, Circuit Judges.

PER CURIAM:*

Mary Seals Chapman appeals the district court's *sua sponte* dismissal of her *in

forma pauperis* complaint as frivolous and for failure to state a claim, pursuant to 28

---

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in
5TH CIR. R. 47.5.4.

U.S.C. § 1915(e)(2)(B)(i) and (ii). We affirm for these reasons:

1.    None of the acts of defendants as alleged by Chapman in her complaint involved the violation of a constitutional right, and therefore, she has failed to state a 42 U.S.C. § 1983 claim. *Doe v. Rains County Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir. 1995). A violation of state law is not cognizable under section 1983. *Giovanni v. Lynn*, 48 F.3d 908, 912-13 (5th Cir. 1995). Chapman's conclusory allegation that her "civil rights" were violated is an insufficient basis for a section 1983 claim. *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997).

2.    In addition, Chapman does not allege in her complaint that (1) she is a member of a racial minority, or (2) defendants intentionally discriminated against her, necessary elements to support a claim under 42 U.S.C. § 1981 or 42 U.S.C. § 1982. *Green v. State Bar of Texas*, 27 F.3d 1083, 1086 (5th Cir.1994); *Bellows v. Amoco Oil*, 118 F.3d 268, 274 (5th Cir. 1997).

3.    Further, we cannot discern from the complaint the manner in which Chapman has been discriminated against based on a disability, nor can we tell what disability forms the basis of the alleged discrimination. Accordingly, Chapman's appeal is without arguable merit and is therefore frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983).

AFFIRMED