# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 4, 2008

Charles R. Fulbruge III
Clerk

No. 07-10654
Summary Calendar

RALPH LYDELL VEASEY,

Plaintiff-Appellant,

v.

CRIMINAL DISTRICT COURT NO 2, Dallas County Texas; DARRELL L. CLEMENTS; JOAN L. MARSHALL,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CV-139

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Ralph Lydell Veasey, federal prisoner # 14596-076, appeals the district court's dismissal of his 42 U.S.C. § 1983 action as frivolous and as seeking monetary damages against defendants who are immune from damages. In addition, he appeals the district court's denial of his FED. R. CIV. P. 60(b) motion challenging the dismissal of his complaint. Veasey argues that the defendants were not immune from damages because they had not taken the oaths required

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by the Texas Constitution and therefore were not proper state officials. For the same reason, he asserts that his complaint was not barred by Heck v. Humphrey, 512 U.S. 477 (1994).

Veasey failed to articulate a violation of a federal right, save a conclusory allegation that the appellees' actions violated his due process rights. Merely alleging a constitutional violation or making a conclusory allegation is insufficient. Kinash v. Callahan, 129 F.3d 736, 738 (5th Cir. 1997). Accordingly, Veasey's complaint was frivolous. See Gonzales v. Wyatt, 157 F.3d 1016, 1019 (5th Cir. 1998).

Additionally, Veasey's complaint challenged his conviction and imprisonment without alleging that his conviction had been reversed, expunged, or otherwise called into question. Accordingly, it was barred. See Heck, 512 U.S. at 486-87. As Veasey's complaint was frivolous, we need not reach the district court's alternative determination that Veasey's claims were barred by absolute immunity. Because Veasey does not address the reasoning for the denial of his Rule 60(b) motion, he has waived any challenge to that denial. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Veasey's appeal is without arguable merit. Accordingly, it is dismissed as frivolous. See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).

Veasey is cautioned that the dismissal of this appeal as frivolous and the district court's dismissal of the complaint as frivolous both count as strikes under 28 U.S.C. § 1915(g). See generally Adepegba v. Hammons, No. 95-31249, 1996 U.S. App. LEXIS 41289, at *11-*15 (5th Cir. Dec. 31, 1996). He is cautioned that if he accumulates three strikes under § 1915(g), he will be unable to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.