IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 13, 2008

Charles R. Fulbruge III
Clerk

No. 06-61083
Summary Calendar

DANNY E IRBY

Plaintiff-Appellant

v.

UNKNOWN COLE; UNKNOWN GRIMES; CAPTAIN MARK ENTERKIN;
UNKNOWN YOUNG; PATRICK THOMAS; JIMMIE MASON; RAY RUFFIN;
JOSEPH FAIRCHILD; SANDRA ATWOOD; B BRASHIER; K HARRINGTON;
UNKNOWN CARTER

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:03-CV-141

Before JOLLY, DENNIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Danny E. Irby, Mississippi prisoner # 44999, appeals the district court's order granting the defendants's motion for summary judgment and dismissing his 42 U.S.C. § 1983 complaint. He argues that the defendants were deliberately indifferent to his serious medical needs and subjected him to cruel and unusual punishment when they: misdiagnosed the underlying cause of his leg complaints;

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

provided inadequate and inappropriate medical care; failed to timely send him for outside medical treatment; delayed treating his injuries; and placed him in administrative segregation in retaliation for requesting outside medical treatment.

The record suggests that the defendants may have been negligent in their diagnosis and treatment of Irby. However, the defendants's actions do not rise to the level of a constitutional violation. See Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Irby's conclusory allegations regarding retaliatory mistreatment are an insufficient basis for § 1983 relief. See Kinash v. Callahan, 129 F.3d 736, 738 (5th Cir. 1997). Accordingly, the judgment is affirmed.

AFFIRMED.