IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 16, 2008

Charles R. Fulbruge III
Clerk

No. 07-60787
Summary Calendar

BERTHA M SMITH

Plaintiff-Appellant

v.

MICHAEL J ASTRUE, COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:06-CV-207

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Bertha Smith's claims for Supplemental Security Income ("SSI") and
Social Security Disability Insurance Benefits ("DIB") were denied by the
Commissioner of the Social Security Administration ("Commissioner"). Smith
appealed and the district court affirmed the denial of benefits. For the reasons
stated below, we affirm the district court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

## I. FACTS AND PROCEEDINGS

Smith filed for SSI and DIB based on her history of coronary artery disease, unstable angina, hypertension and obesity. She is a high-school graduate and has previously worked as a drill press operator, a welder, a cashier, a city bus driver and a school bus driver.

The district court summarized the procedural history in its order affirming the Commissioner's decision to deny Smith's claims.

> Smith applied for [SSI] on September 30, 2001, and for [DIB] under Title II of the Act [42 U.S.C. § 405] on July 2, 2002. Her complaint alleges onset of disability on April 15, 2001. Her applications were denied initially and upon reconsideration [Smith] requested a hearing, and on July 23, 2002, the requested hearing was convened before the Administrative Law Judge ["ALJ"] Sheridan P. Hunt, Jr. [Smith] was represented by counsel and testified before ALJ Hunt. A partially favorable decision was rendered on August 25, 2003, in which he found [Smith] disabled as of May 10, 2003, but not prior to that date. A review was requested of ALJ Hunt's decision and granted by the Appeals Council, which vacated the ALJ's decision and remanded the case for a new hearing. Based on the instructions from the Appeals Council, additional evidence was taken and a hearing held June 7, 2005. Present at the hearing was [Smith], her counsel, and Ronald Smith, a vocational expert. On October 26, 2005 the ALJ issued his second decision in which he found [Smith] was not disabled at any time through the date of the decision.
> The decision of ALJ Hunt employed the five steps sequential evaluation process specified in 20 [C.F.R. § 404].1520(b)-(g). The opinion found that [Smith] had residual functional capacity for a range of "light" work that allowed her to perform some of her past relevant work, as well as other jobs that exist in significant numbers in the national economy. A subsequent review by the Appeals Council was denied, making the decision of the Commissioner final.

Smith appealed the Commissioner's decision to the district court. Magistrate Judge Michael Parker entered a Report and Recommendation in which he found that the decision of the Commissioner was supported by substantial evidence and was in accord with the relevant legal standards. He recommended affirming

the Commissioner's decision. Smith filed objections to the Report and Recommendation. The district court adopted the Report and Recommendation, affirmed the Commissioner and dismissed Smith's complaint on August 9, 2007. Smith appealed to this court.

## II. STANDARD OF REVIEW

This court's "review of the Commissioner's decision is limited to determining whether that decision is supported by substantial evidence and whether the Commissioner has employed the correct legal standards." Kinash v. Callahan, 129 F.3d 736, 738 (5th Cir. 1997). "Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance. . . . In our review, we do not reweigh the evidence nor do we substitute our judgment for that of the Secretary." Ripley v. Chater, 67 F.3d 552, 555 (5th Cir. 1995) (footnotes and internal quotations omitted).

## III. ANALYSIS

Smith makes two arguments on appeal. First, she argues that the Commissioner applied the incorrect legal standard when he did not consider the fifth factor in the five-step process for determining disability under 42 U.S.C. § 423(d)(1)(A). Second, Smith argues that the Commissioner's finding that she was capable of performing light work was not supported by substantial evidence.

A. The Commissioner's application of the legal standards

The five-step legal standard for "determining whether or not a claimant is capable of performing substantial gainful activity" is set out in 20 C.F.R. § 404.1520(b)-(g). Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988). The steps are:

> 1. An individual who is working and engaging in substantial gainful activity will not be found disabled regardless of the medical findings.

2. An individual who does not have a "severe impairment" will not be found to be disabled.

3. An individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors.

4. If an individual is capable of performing the work he has done in the past, a finding of "not disabled" must be made.

5. If an individual's impairment precludes him from performing his past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

Id. Smith bears the burden of proving the first four steps. Watson v. Barnhart, 288 F.3d 212, 216 (5th Cir. 2002). After that, the burden shifts to the Commissioner to prove the fifth step. Id.

Smith complains that the Commissioner erred by not proving the fifth step. This complaint is without merit. The Commissioner found that Smith's medical conditions did not meet or equal a listed impairment (step three), and that Smith was capable of performing some of her past relevant work, including her work as a bus driver (step four). The negative result at step four required a finding of "not disabled." Harrell, 862 F.2d at 475. "A finding that a claimant is disabled or not disabled at any point in the five-step process is conclusive and terminates the Secretary's analysis." Id. The Commissioner did not err when he terminated his analysis without reaching step five.[1]

---

[1] Smith also raises the legal argument that the Commissioner did not grant due deference to the statements of her treating physician. This argument was raised in three sentences on the second-to-last page of Smith's appellate brief and was not supported by any citation to legal authorities. We therefore hold that she has waived it. Riecke v. Barnhart, 184 F. App'x 454, 456 n.3 (5th Cir. 2006) (unpublished) ("[I]ssues inadequately briefed are deemed waived.")

B.    The evidence supporting the Commissioner's decision

Smith argues that the Commission's decision was not supported by substantial evidence on two issues: whether her medical conditions met or equaled a listed impairment, and whether she was capable of performing light work. After reviewing the record, we conclude that substantial evidence supported the Commissioner's determinations on both issues.

1)    Listed impairment

Smith bore the burden of proving that her medical conditions met or equaled a listed impairment. Watson, 288 F.3d at 216. The Magistrate's Report and Recommendation, adopted by the district court, noted that Smith's argument that her medical conditions equaled a listed impairment failed because she did not point out which impairment her conditions might equal. On appeal, Smith again recites a list of her medical conditions without drawing a connection between her conditions and the listed impairments. We affirm the district court's finding on this issue.

2)    Ability to perform past work

Smith bore the burden of proving that her medical conditions prevented her from performing her past work. Id. Smith argues that "there was no medical testimony" supporting the Commissioner's conclusion that she was capable of performing light work. Smith admits, however that three different doctors performed Residual Functional Capacity ("RFC") assessments of her. These assessments were based on Smith's medical records, and all three assessments concluded that she was capable of lifting at least ten pounds frequently, standing or walking between two and six hours per day, and sitting for six hours per day. The vocational expert who testified at Smith's hearing before the ALJ stated that her previous jobs as a bus driver and a cashier were performed at the "light" level, which by definition means that they required only light lifting (up to ten pounds frequently and twenty pounds occasionally) and

walking, standing, or sitting while operating arm or leg controls.  The district court concluded that this evidence supported the Commissioner's determination that Smith was capable of performing some of her past relevant work, and we agree.

## IV.  CONCLUSION

The judgment of the district court is AFFIRMED.