# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 17, 2008

Charles R. Fulbruge III
Clerk

No. 07-20128
Summary Calendar

JOSEPH PHILIP PEROT, SR.

Plaintiff-Appellant

v.

UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES
and SELECTCARE OF TEXAS

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-1153

Before JONES, Chief Judge, and STEWART and OWEN, Circuit Judges
PER CURIAM:[*]

Joseph Philip Perot, Sr., proceeding pro se, appeals the dismissal of his claims arising out of SelectCare's refusal to pay for specialized out-of-network medical care. Construing Perot's complaint liberally, the district court correctly found it presented two claims: one appealing the Medicare Appeals Council's decision that SelectCare correctly denied him coverage under its

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Medicare+Choice plan and another seeking damages under Texas and other unspecified law for injuries arising out of this denial of coverage. The district court granted SelectCare's and the Department of Health and Human Service's motions to dismiss because Perot's coverage claim was time-barred and his damages claim sought relief not available under the Medicare Act. Mindful that this Court must construe briefs from pro se parties liberally, we nevertheless affirm. See Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002).

On appeal, Perot argues that his suit, filed two days late, should not have been dismissed as untimely. Perot had 60 days to file suit after receiving notice of a final adverse decision. 42 U.S.C. § 405(g) (incorporated by the Medicare Act, 42 U.S.C. § 1395w-22(g)(5)); 42 C.F.R. § 405.1130. HHS regulations create a rebutable presumption that notice is received five days after mailing. 42 C.F.R. § 405.1136(c)(2). The Medicare Appeals Council mailed Perot a final adverse decision on January 27, 2006, making February 1 the presumptive date of receipt. Counting 60 days, Perot had until April 3 to file suit, because April 2 was a Sunday. He filed his complaint on April 5.

Perot argues that his complaint should not have been dismissed because he did not actually receive notice until February 6. He offered no evidence other than a sworn statement. This court has held that a sworn statement claiming notice was not received is not sufficient to rebut the five-day presumption. Kinash v. Callahan, 129 F.3d 736, 738 (5th Cir. 1997) (interpreting an analogous regulation also promulgated under 42 U.S.C. § 405(g)). Accordingly, the district court correctly ruled that Perot's allegations were not sufficient to rebut the presumptive filing deadline, and his claim seeking coverage under the Medicare Act is time-barred.

Perot also sought damages under Texas and other unspecified law for injuries arising out of SelectCare's refusal to pay for out-of-network care. By not

2

mentioning this issue until his reply brief, he has waived this claim.  Even a pro se appellant must raise an argument in his initial brief to avoid waiving it. Hannah v. United States, 532 F.3d 597, 599 n.1 (5th Cir. 2008).

The judgment of the district court is therefore AFFIRMED.