# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 16, 2009

Charles R. Fulbruge III
Clerk

No. 08-30441
Summary Calendar

PATRICK ANTHONY TRIUMPH

Petitioner-Appellant

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:07-CV-2117

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Patrick Anthony Triumph, a native and citizen of Guyana, appeals the denial of his 28 U.S.C. § 2241 petition for a writ of habeas corpus. Triumph was detained pursuant to 8 U.S.C. § 1226(c) pending removal proceedings. The Board of Immigration Appeals (BIA) affirmed an order of removal against Triumph on August 26, 2006. Since that time, Triumph has been detained pursuant to 8 U.S.C. § 1231. *See* 8 U.S.C. §§ 1101(a)(47)(B), 1231(a)(1)(B).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Triumph's § 2241 petition challenged his detention on various grounds. Because Triumph's order of removal has become administratively final, he can no longer state a claim for relief under § 1226(c) in a § 2241 petition. *See Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). Liberally construing his pro se brief as challenging his continued detention as unlawfully indefinite, we nevertheless conclude that Triumph has failed to meet the initial burden of proof in showing that no significant likelihood of removal in the reasonably foreseeable future exists. *See id.* at 543-44 (applying *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001)).

Triumph has failed to brief any argument challenging the district court's denial of his claim that his detention is improper because he is not a threat to society or a flight risk or that his detention violates the due process clause. According, these claims are deemed abandoned. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).

Triumph also argues that his detention violates the extradition treaty between the United States and Canada and that his detention has exacerbated his mental health problems in violation of his constitutional due process rights. Because Triumph presented these claims for the first time on appeal, we do not address them. *See Kinash v. Callahan*, 129 F.3d 736, 739 n.10 (5th Cir. 1997) (stating general rule that this court does not review issues first raised on appeal).

We deny Triumph's motion to expedite his appeal as moot.

MOTION DENIED; AFFIRMED.