# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 17, 2011

No. 10-30752
Summary Calendar

Lyle W. Cayce
Clerk

JANELLE T. ALEXANDER,

Plaintiff - Appellant

v.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:08-CV-1570

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Janelle T. Alexander appeals from the district court's decision affirming the Commissioner's denial of her application for Social Security disability benefits.  We affirm.

Alexander brought this action under 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Commissioner of Social Security that she was not disabled, and hence was not entitled to benefits, under the Social

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30752

Security Act.  In her application for benefits, Alexander alleged that she was disabled due to hypertension and neck and back pain.  Her application was denied by an administrative law judge (ALJ) on March 20, 2008.[1]  The Appeals Council denied her request for review, making the ALJ's determination the final decision of the Commissioner.  Alexander then brought this action under § 405(g) in the United States District Court for the Western District of Louisiana.  The district court adopted the magistrate judge's report and recommendation, overruled Alexander's objections to it, and affirmed the ALJ's decision.  Alexander timely appealed.

In reviewing the Commissioner's determination that Alexander was not disabled, we consider only whether the ALJ applied the proper legal standards and whether the decision to deny benefits was supported by substantial evidence in the record.  *Audler v. Astrue*, 501 F.3d 446, 447 (5th Cir. 2007).  "Substantial evidence is 'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Id.* (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  "We may not reweigh the evidence or substitute our judgment for that of the Commissioner."  *Id.*  We "may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision."  *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

The Commissioner conducts a five-step sequential analysis in evaluating disability claims.  In this analysis, the Commissioner determines:

> whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations;

---

[1] Alexander's opening brief indicates that she is currently receiving disability benefits, as of March 21, 2008, as a result of a subsequently filed application which was successful.  At issue in this appeal is the ALJ's decision to deny her benefits prior to that date, pursuant to her initial application.

No. 10-30752

(4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity.

*Audler*, 501 F.3d at 447-48.  At the first four steps, the claimant has the burden of showing that she is disabled; at the fifth step, the Commissioner has the burden of showing "that there is other substantial work in the national economy that the claimant can perform." *Id.* at 448.  "A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

Alexander's arguments on appeal pertain to the ALJ's findings at the fourth and fifth steps of the analysis.  At the fourth step, the ALJ found that Alexander was "able to perform sedentary work," albeit with certain "limitations."  Among these limitations were that she could "never stoop, kneel, crouch, or crawl."  These findings were based on medical records including a "Physical Residual Functional Capacity Assessment [which] was completed by a State Agency medical consultant on October 10, 2006."  The ALJ also took into account Alexander's testimony, but found that her "statements concerning the intensity, persistence and limiting effects of [her] symptoms [were] not credible to the extent they [were] inconsistent with the residual functional capacity assessment."  The ALJ found that Alexander had "past relevant work as a retail teller/cashier, production technician, sewing machine operator, work order technician, bench jewelry technician, and accounting clerk."  The ALJ explained that a "vocational expert classified [Alexander's] past work as light and sedentary, and semiskilled/skilled in nature.  Accordingly, [Alexander] is unable to perform some of her past relevant work."  However, at this point in his opinion, having concluded that

3

No. 10-30752

Alexander was unable to perform *some* of her past relevant work, the ALJ did not specifically state which past jobs she could or could not perform.

A finding, at the fourth step, that Alexander's impairments did *not* prevent her from performing some of her past relevant work ought to have resulted in the conclusion that Alexander was not disabled. *See* 20 C.F.R. § 404.1560(c)(1) ("If we find that your residual functional capacity is not enough to enable you to do *any* of your past relevant work, we will . . . decide if you can adjust to any other work."); *Smith v. Astrue*, 278 F. App'x 395, 398 (2008) (unpublished) ("The negative result at step four required a finding of 'not disabled.'"). Such a conclusion should have brought the ALJ's sequential analysis to an end. *Lovelace*, 813 F.2d at 58.

However, the ALJ instead continued to the fifth step of the analysis. At this step, he found that "[c]onsidering [Alexander's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [she] can perform." The ALJ noted that Alexander did not have "the residual functional capacity to perform the full range of sedentary work" because she had additional physical limitations. Therefore, "[t]o determine the extent to which these limitations erode the unskilled sedentary occupational base, the [ALJ] asked the vocational expert whether jobs exist in the national economy for an individual with [Alexander's] age, education, work experience, and additional functional capacity."[2] The vocational expert responded that such an individual "would be able to perform the requirements of representative occupations such as work order technician (sedentary-semiskilled); bench jewelry technician (sedentary-semiskilled); and accounting clerk (sedentary-skilled)."

---

[2] As the district court put it: "The ALJ appears to have simultaneously asked the vocational expert whether [Alexander] could have performed any of her past work (step four) and whether she could perform any work that exists in the national economy (step five)."

4

No. 10-30752

All three of those occupations — work order technician, bench jewelry technician, and accounting clerk — were among those included in Alexander's "past relevant work" in the ALJ's findings at step four. Thus, the ALJ's findings at step five supplemented and clarified the findings at step four, in which the ALJ determined that Alexander was unable to perform *some* of her past relevant work but did not specify which past relevant work she was still able to perform.

The ALJ made a procedural error by combining the fourth and fifth steps of the sequential analysis. However, when an ALJ makes a procedural error in denying disability benefits, "we must still determine whether [the] error was harmless." *Audler*, 501 F.3d at 448 (citing *Morris v. Bowen*, 864 F.2d 333, 334 (5th Cir. 1988)). "'Procedural perfection in administrative proceedings is not required' as long as 'the substantial rights of a party have not been affected.'" *Id.* (quoting *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988)). "[P]rocedural improprieties . . . will therefore constitute a basis for remand only if such improprieties would cast into doubt the existence of substantial evidence to support the ALJ's decision." *Morris*, 864 F.2d at 335; *see also January v. Astrue*, No. 10-30345, 2010 WL 7386754, *3 (5th Cir. 2010) (unpublished) ("[T]here is 'no realistic possibility that, absent the error,' the ALJ would have reached a different conclusion.'" (brackets omitted) (quoting *Enriquez-Gutierrez v. Holder*, 612 F.3d 400, 407 (5th Cir. 2010))).

Here, the ALJ's failure to clearly distinguish between the fourth and fifth steps of the sequential analysis was a harmless error that did not affect Alexander's substantial rights. The ALJ found that although Alexander's impairments prevented her from performing some of her past relevant work, she still had the residual functional capacity to perform some of that work — namely, the occupations of work order technician, bench jewelry technician, and accounting clerk. These findings were sufficient for the ALJ to conclude,

5

at the fourth step of the analysis, that Alexander was not disabled, and end the analysis there.  Alternatively, the same findings also supported the ALJ's conclusion at the fifth step that Alexander was capable of performing "jobs that exist in significant numbers in the national economy" and was therefore not disabled.

Alexander argues that the ALJ's finding that she had the residual functional capacity to work as a work order technician, bench jewelry technician, or accounting clerk was predicated on an inaccurate hypothetical question which the ALJ posed to the vocational expert during the hearing. The ALJ asked the vocational expert whether jobs existed in the national economy for a person of Alexander's age, with her education, work experience, and physical limitations; however, the ALJ neglected to mention one of her physical limitations, namely her inability to stoop.  Nonetheless, this inaccuracy does not mean that the ALJ's findings were not supported by substantial evidence in the record.  The vocational expert testified that a person with the characteristics given in the ALJ's hypothetical question could work as a work order technician, bench jewelry technician, or accounting clerk as those jobs are defined in the *Dictionary of Occupational Titles* ("*DOT*"), a publication of the United States Department of Labor.[3]  The *DOT* states that none of those three jobs require stooping.  Thus, if the ALJ had posed a hypothetical question that included the inability to stoop, the vocational expert's response would have been the same.  This minor omission by the ALJ does not warrant reversal because it does not "cast into doubt the

---

[3] An ALJ's determination of whether a claimant can perform his or her past relevant work "may rest on descriptions of past work as actually performed or as generally performed in the national economy. . . . ALJs may take notice of job data in the *Dictionary of Occupational Titles* ('DOT'), which reflects the exertional requirements of a job as performed in the national economy." *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990) (citing 20 C.F.R. § 404.1566(d)(1)).

existence of substantial evidence to support the ALJ's decision." *Morris*, 864 F.2d at 335.

Alexander's briefs seem to suggest that the ALJ should have been bound to find that she was disabled at the fourth step of the analysis because of a sentence in a letter titled "Notice of Disapproved Claims," issued by a regional commissioner of the Social Security Administration. This letter denied Alexander's claim at the initial stage of review, prior to the ALJ's adjudication of the claim. The sentence reads, "We realize that your condition prevents you from doing *any* of your past work, but it does not prevent you from doing work which requires less physical effort." (emphasis added). However, Alexander cites no authority establishing that the ALJ should have been bound by this letter. *See* 20 C.F.R. § 404.905 ("An initial determination is binding *unless you request a reconsideration* within the stated time period, or we revise the initial determination." (emphasis added)).[4]

Alexander also relies on a ruling of the Social Security Administration which states that "[a] *complete* inability to stoop would significantly erode the unskilled sedentary occupational base and a finding that the individual is disabled would usually apply." SSR 96-9p, 1996 WL 374185 (July 2, 1996). However, SSR 96-9p says only that a finding of disability "would *usually* apply"; it does not say that whenever a claimant has a complete inability to

---

[4] As the district court noted, "the statement upon which [Alexander] relies was not made by a State agency, medical or psychological consultant, or any other program physician or psychologist." Alexander's brief describes the letter as coming from a "State Agency." However, the letter itself indicates that it comes from the Social Security Administration, a federal agency, but that it is based on a decision made by "trained staff" who "work for the state." Alexander's brief seemingly contends that Dr. Charles Lee, who performed a residual functional capacity assessment on her, made the determination that she could not perform any of her past work. But she does not point to anything in Dr. Lee's report that supports this. At any rate, even if a state agency did find that Alexander was unable to perform any of her past work, "[t]he findings of a state agency are not binding on the ALJ." *Reyes v. Sullivan*, 915 F.2d 151, 154 (5th Cir. 1990) (citing *Richardson v. Bowen*, 807 F.2d 444, 448 (5th Cir. 1987)).

No. 10-30752

stoop, such a finding is automatically required at the fourth step. In this case, the ALJ found that Alexander was capable of performing some of her past relevant work notwithstanding her inability to stoop. The ALJ's decision was not contrary to SSR 96-9p, and it was supported by substantial evidence in the record.

Finally, Alexander contends that the ALJ's statement that "[t]ransferability of job skills is not material to the determination of disability" amounted to a finding that she was "unskilled." She argues that such a finding would be inconsistent with the finding that she could perform the "semiskilled" and "skilled" occupations of work order technician, bench jewelry technician, and accounting clerk. However, this argument misstates that ALJ's findings. The ALJ merely concluded that under the regulations, it did not matter whether Alexander's job skills were transferable to new occupations. He did not make a finding that Alexander was unskilled.

In summary, although the ALJ made an error by failing to clearly distinguish between the fourth and fifth steps of the sequential analysis, that error does not warrant reversal. Alexander has not shown that the error affected her substantial rights. The ALJ's conclusion that Alexander still had the functional capacity to perform some of her past work, and that she was therefore not disabled for purposes of the Social Security Act, was supported by substantial evidence in the record. We therefore AFFIRM the judgment of the district court.