# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 12, 2011

Lyle W. Cayce
Clerk

No. 10-30858

———————

P H I , INC

Plaintiff

v.

OFFICE & PROFESSIONAL EMPLOYEES INTERNATIONAL UNION; ET AL

Defendants

———————

OFFICE & PROFESSIONAL EMPLOYEES INTERNATIONAL UNION; LOCAL 108, OFFICE & PROFESSIONAL EMPLOYEES INTERNATIONAL UNION; CYNTHIA ABER; HOWARD A. ALBECKER; THOMAS R. ANDARY; ET AL,

Plaintiffs - Appellants Cross-Appellees

v.

P H I, INCORPORATED,

Defendant - Appellee Cross-Appellant

———————

Appeals from the United States District Court
for the Western District of Louisiana
Dist. Ct. No. 6:06-cv-01469

———————

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

No. 10-30858

PER CURIAM:[*]

A labor dispute between PHI, Incorporated ("PHI") on the one hand and certain individual pilot employees ("Individual Pilots"), Office & Professional Employees International Union, and Local 108, Office & Professional Employees International Union (all collectively called the "Unions") on the other hand spawned two appeals. The case giving rise to this appeal came to be known as the "Return to Work Suit."

The facts are well-known to the parties, so we recite them only briefly here. PHI is a "carrier" under 45 U.S.C. § 181. OPEIU and its Local 108 are labor organizations who are certified as the bargaining representatives for PHI's pilots. After expiration of the then-existing collective bargaining agreement ("CBA"), the parties' negotiations over a new CBA broke down. Following the Unions' rejection of arbitration as offered by the National Mediation Board (and PHI's silence in response to the offer of arbitration), the parties were released to "self-help" on August 28, 2006. The Unions engaged in a strike commencing on September 20, 2006, and ending on November 10, 2006. The district court wrote several very careful and thorough memorandum opinions over the two cases (which were ultimately consolidated for trial before the court's ruling on dispositive motions obviated the need for a trial). Having considered the district court's reasoning, the parties' briefing, and the arguments of counsel at oral argument, we turn to the issues in this appeal.

1. *Availability of "Other" Equitable Relief.* The district court held that the Unions were barred from seeking any equitable relief because of their inequitable conduct in refusing arbitration. In the district court, the Unions never argued that the district court should analyze the equities differently when

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30858

assessing injunctive relief than when assessing "other" equitable relief (such as "make whole relief" like back pay).  Before this court, they now concede that they are not entitled to injunctive relief, but they argue that their claims for other equitable relief should not be similarly barred.  We conclude that the Unions' failure to raise this argument to the district court results in review for plain error only.  *Kinash v. Callahan*, 129 F.3d 736, 739 n.10 (5th Cir. 1997).  We further conclude that the Unions have not demonstrated plain error.

2.  *Private Right of Action.*  The Unions appeal from the district court's determination that the individual pilots do not have a private cause of action under Section 2 Third & Fourth of the Railway Labor Act.[1]  The district court found that these claims must be brought through the Unions as the certified representatives.  We have reviewed the district court's determination of this issue, and we affirm for substantially the same reasons as given by the district court.

3.  *"Minor Disputes."* The Unions appeal the district court's determination that a number of claims raised by the individual pilots are "minor disputes" subject to the exclusive jurisdiction of the National Railroad Adjustment Board.  These matters involve outright refusals to return pilots to work after the strike ended as well as delaying such return, delaying training, reassigning pilots and similar conduct.  We conclude that the district court did not err in finding these disputes to be "minor disputes" outside the court's jurisdiction.

4.  *Evidentiary Issues and "Attorney as Witness" Issues.*  The Unions argue that the district court made several errors regarding trial issues such as whether they could amend their exhibit list and the matters on which their expert witnesses could testify.  They also complain of certain alleged errors surrounding negotiations between their counsel (Melvin Schwarzwald) and a PHI

---

[1] 45 U.S.C. § 152 Third & Fourth.

No. 10-30858

representative as well as the district court's ruling that Schwarzwald must choose between acting as a witness and acting as counsel. Given our ruling on the other matters presented, we conclude that it is unnecessary to reach these issues.

5. *PHI's Cross-Appeal for Costs.* PHI appeals the district court's denial of its costs under Federal Rule of Civil Procedure 54(d)(1).[2] The district court, noting a lack of clarity on the issue, held that costs should not be awarded to PHI on the basis that the court's denial of most claims for a lack of subject matter jurisdiction made it unclear that PHI was the "prevailing party."

We note that there are two types of dismissal for lack of jurisdiction: those which determine only that the federal courts are not the proper forum to adjudicate the merits (such as a dismissal for imperfect diversity); and those in which a dismissal for lack of jurisdiction *is* an adjudication of the merits. This case presents the latter. *See Bhd. of. R.R. Trainmen v. Cent. of Ga. Rail Co.*, 305 F.2d 605, 609 (5th Cir. 1962) (noting that the Union's RLA claim presented "a situation in which the determination of the Court's jurisdiction [is] simultaneous with the determination of the merits"). Therefore, we hold that PHI is a prevailing party under these facts and is entitled to its reasonable costs.[3]

---

[2] The parties agreed that neither side should recover costs in the "Bargaining Suit" (filed in this court under Case No. 10-31040), so this discussion only relates to the "Return to Work Suit."

[3] The Unions argue that PHI was required to seek costs pursuant to 21 U.S.C. § 1919, which gives the district court discretion to award costs following a dismissal for lack of jurisdiction. Because we hold that PHI is a prevailing party under these facts, we disagree. Rule 54(d)(1) states that a district court should award costs to a prevailing party "[u]nless a federal statue . . . provides otherwise." Section 1919 was enacted to empower courts to award costs even if the court's dismissal for lack of jurisdiction did not result from a merits adjudication. *See Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 387 (1884). However, where there is a prevailing party (as here) § 1919, which merely empowers the court to award costs and does not direct the court with regard to its discretion, does not conflict with Rule 54(d)(1) and therefore does not "provide otherwise." *Cf. Quan v. Computer Sciences Corp.*, 623 F.3d 870, 888 (9th Cir. 2010).

6. *Conclusion*

We therefore AFFIRM the district court as to all issues raised by the Unions' appeal and REMAND to the district court for a determination of PHI's reasonable costs.